No. 06-138 T
Judge Emily C. Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

QUALXSERV, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER

Defendant, the United States, in answer to the complaint, denies each allegation contained therein that is not admitted or otherwise expressly addressed below. The United States further:

Admits that this is an action for the refund of excise taxes, states that it contains assertions of law to which no response is necessary, and otherwise denies that there has been a misinterpretation of provisions of the Internal Revenue Code and any allegations of fact.

1. Admits that this action is brought under Sections 6532 and 7422 of the Internal Revenue Code seeking to recover federal excise taxes and statutory interest, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the taxes were paid to the United States with respect to the quarters ended March 31, 2002 through June 30, 2005.

2. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Admits that the claims for refund attached to the complaint indicate that 13-4114547 is plaintiff's Employer Identification Number.

4. Admits the allegation contained in paragraph 4.

5. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

6. The United States restates and incorporates its responses to paragraphs 1 through 5 of the complaint.

7. Admits that plaintiff seeks to recover federal excise taxes, but denies that plaintiff overpaid its taxes.

8. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. As to the first sentence, admits that, on August 4, 2005, the Internal Revenue Service received a claim for refund filed by plaintiff for the quarters ended June 30, 2002 through June 30, 2005 for the amount of $30,009.46. As to the second sentence, states that its attorneys currently lack knowledge and information sufficient to form a belief regarding taxes paid during the quarters ended June 30, 2002 through June 30, 2005. Admits that

the claim for refund satisfies the requirements for filing suit of Sections 6532(a) and 7422(a).

12. Admits that Form 8849, covering quarters ended June 30, 2002 through June 30, 2005, is attached as Exhibit A to the complaint.

13. Paragraph 13 expresses a legal conclusion to which no response is necessary.

14. Paragraph 14 expresses a legal conclusion to which no response is necessary.

15. Paragraph 15 expresses a legal conclusion to which no response is necessary.

16. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Paragraph 17 expresses legal conclusions to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations, but denies that plaintiff is entitled to a refund.

18. Paragraph 18 expresses a legal conclusion to which no response is necessary.

19. Paragraph 19 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

20. Admits the allegations contained in paragraph 20.

21. Admits that more than six months have passed since plaintiff filed its claims for refund, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. Denies that plaintiff has overpaid its taxes. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that defendant has not refunded any amounts plaintiff has claimed.

23. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. The United States restates and incorporates its responses to paragraphs 1 through 5 of the complaint.

25. Admits that plaintiff seeks to recover federal excise taxes, but states that its attorneys currently lack knowledge sufficient to form a belief regarding taxes paid during 2002.

26. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. As to the first sentence, admits that, on August 4, 2005, the Internal Revenue Service received a claim for refund filed by plaintiff for the quarter ended March 31, 2002 for the amount of $2,447.11, but denies that the claim was timely filed. As to the second sentence, see defendant's responses to paragraphs 25 and 26. As to the third sentence, denies that the claim satisfies the requirements of Sections 6532 and 7422 of the Code.

30. Admits that Form 8849, covering the quarter ended March 31, 2002, is attached as Exhibit A to the complaint.

31. Paragraph 31 expresses a legal conclusion to which no response is necessary.

32. Paragraph 32 expresses a legal conclusion to which no response is necessary.

33. Paragraph 33 expresses a legal conclusion to which no response is necessary.

34. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Paragraph 35 expresses legal conclusions to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations, but denies that plaintiff is entitled to a refund.

36. Paragraph 36 expresses a legal conclusion to which no response is necessary.

37. Paragraph 37 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

38. Paragraph 35 expresses legal conclusions to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations. Avers that 26 U.S.C. § 6511 applies to plaintiff's claim for refund.

39. Admits the allegations contained in paragraph 39.

40. Denies the allegation of paragraph 40.

41. Denies the allegation of paragraph 41.

42. Denies that plaintiff has overpaid its taxes. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that defendant has not refunded any amounts plaintiff has claimed.

43. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

April 24, 2006

s/Steven Frahm
Of Counsel