IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-138 T
Judge Emily C. Hewitt

QUALXSERV, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# MOTION OF THE UNITED STATES TO DISMISS IN PART

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
JACOB E. CHRISTENSEN
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878
(202) 514-9440 (Facsimile)

## TABLE OF CONTENTS

**Page**

Motion of the United States dismiss in part . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Memorandum of the United States in support of its motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument:

I. I.R.C. § 6511(a) limits the Court's jurisdiction over tax refund suits . . . . . . . . . . 6

II. I.R.C. § 6511(a) applies to all refund claims for federal taxes . . . . . . . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Appendix A:

Internal Revenue Code of 1986, as amended (26 U.S.C.) . . . . . . . . . . . . . . . . . . . . . . A-1

Internal Revenue Code of 1939 (26 U.S.C.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

## TABLE OF AUTHORITIES

**Cases:**

*Alexander Proudfoot Co. v. United States*, 454 F.2d 1379 (Ct. Cl. 1972) . . . . . . . 8, 9, 13
*Arch Eng'g Co., Inc. v. United States*, 783 F.2d 190 (Fed. Cir. 1986) . . . . . . . . . . . . . . . 8
*Beecham v. United States*, 511 U.S. 368 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*Bruno v. United States*, 547 F.2d 71 (8th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Bryan v. United States*, 99 F.2d 549 (10th Cir. 1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Chicago Milwaukee Corp. v. United States*, 40 F.3d 373 (Fed. Cir. 1994) . . . . . . . . . 7, 8
*Fairley v. United States*, 901 F.2d 691 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Flora v. United States*, 362 U.S. 145 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Hampton v. United States*, 513 F.2d 1234 (Ct. Cl. 1975) . . . . . . . . . . . . . . . . . . . . . . . . 8
*In re Ryan*, 64 F.3d 1516 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . 6
*J.O. Johnson, Inc. v. United States*, 476 F.2d 1337 (Ct. Cl. 1973) . . . . . . . . . . . . . . . . . . 8
*Kreiger v. United States*, 539 F.2d 317 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Table of Authorities (continued)** **Page**

*Kuznitsky v. United States*, 17 F.3d 1029 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Little People's Sch., Inc. v. United States*, 842 F.2d 570 (1st Cir. 1988) . . . . . . . . 8, 9, 11
*McCarthy v. Bronson*, 500 U.S. 136 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*Purk v. United States*, 30 Fed. Cl. 565 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Qureshi v. United States IRS*, 75 F.3d 494 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 8
*Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43 (2d Cir. 1984) . . . . . . . . . . . . . . 8
*Schiff v. United States*, 914 F.2d 271 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Shelter Island and Greenport Ferry Co. v. United States*, 246 F. Supp. 488 (E.D.N.Y. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Smith v. United States*, 508 U.S. 223 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*Strick Corp. v. United States*, 625 F.2d 1001 (Ct. Cl. 1980) . . . . . . . . . . . . . . . . . . . . . . . 5
*United States v. Dalm*, 494 U.S. 596 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*United States v. Rochelle*, 363 F.2d 225 (5th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 4251(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
§ 4291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
§ 6011(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
§ 6071(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
§ 6151(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
§ 6511(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
§ 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Internal Revenue Code of 1954 (26 U.S.C.):

§ 6501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 6511(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Internal Revenue Code of 1939 (26 U.S.C.):

§ 322(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
§ 910 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
§ 1027(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
§ 3313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Table of Authorities (continued)** **Page**

**Miscellaneous:**


Treasury Regulations (26 C.F.R.):

§ 40.6011(a)-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
§ 40.6071(a)-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9
§ 301.6511(a)-1(a) and (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Revenue Rulings:

Rev. Rul. 60-58, 1960-1 C.B. 638 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Committee Reports:

H.R. Rep. No. 83-1337, at 415 (1954), *reprinted in* 1954 U.S.C.C.A.N. 4017, 4563 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

S. Rep. No. 83-1622, at 586 (1954), *reprinted in* 1954 U.S.C.C.A.N. 4621, 5325. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

No. 06-138 T
Judge Emily C. Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

QUALXSERV, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES
TO DISMISS IN PART

The United States moves to dismiss plaintiff's claim for refund for the tax quarter ending March 31, 2002 for lack of subject matter jurisdiction.

In support of its motion, the United States relies on the pleadings and the accompanying memorandum.

WHEREFORE, the United States prays that its motion be granted.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

June 14, 2006

s/Steven Frahm
Of Counsel

No. 06-138 T
Judge Emily C. Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

QUALXSERV, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MEMORANDUM OF THE UNITED STATES
IN SUPPORT OF ITS MOTION
TO DISMISS IN PART

The United States submits this memorandum in support of its motion to dismiss plaintiff's claim for refund for the tax quarter ending March 31, 2002 for lack of subject matter jurisdiction.

INTRODUCTION

Plaintiff is seeking a refund of communications excise taxes imposed by I.R.C. § 4251 for the quarters ended March 31, 2002 through June 30, 2005. On May 25, 2006, the Internal Revenue Service issued Notice 2006-50, advising that it no longer would litigate whether certain long distance telephone services were subject to that tax and that it would follow the decisions of the courts of appeals for several circuits. The notice advises of procedures being implemented to provide refunds of excise taxes paid as far back as February 2003.

Notwithstanding the notice, and the three-year statute of limitations for filing refund claims set forth in I.R.C. § 6511(a), which the IRS has applied to communications excise taxes

for nearly half a century, plaintiff claims that a six-year statute (28 U.S.C. § 2401) applies to its claims and that it is entitled to a refund for the quarter ended March 31, 2002. Plaintiff is mistaken. For the reasons discussed below, the three-year statute is applicable, plaintiff's claim for refund for the quarter ended March 31, 2002 is untimely, and its claim for that quarter should be dismissed for lack of jurisdiction.

## STATEMENT

On July 28, 2005, plaintiff sent claims for refund to the IRS, seeking a refund of excise taxes imposed by 26 U.S.C. § 4251(a) for the quarterly periods ended March 31, 2002 through June 30, 2005. *See* Compl. at ¶ 29. On August 24, 2005, the IRS disallowed plaintiff's claim for the quarter ended March 31, 2002, because it was filed after the three-year limitations period of I.R.C. § 6511(a) had expired. *See* Compl., Ex. C. The IRS reserved ruling on plaintiff's remaining claims. Plaintiff then filed this suit on February 22, 2006, seeking a refund for all the quarters. Plaintiff claims that I.R.C. § 6511 does not apply to its claims and that 28 U.S.C. § 2401[1] applies instead. *See* Compl., Count II.

## ARGUMENT

Section 4251 of the Internal Revenue Code imposes an excise tax on amounts paid for communications services. The person paying for the services has the duty to pay the tax. I.R.C. § 4251(a)(2). The party that receives the taxable payment is responsible for collecting the tax, filing a return, and remitting the tax to the Government. *See* I.R.C. §§ 4291, 6011(a), 6071(a), 6151(a); Treas. Reg. §§ 40.6011(a)-1, 40.6071(a)-1(a).

---

[1] The United States notes that 28 U.S.C. § 2501 is the Court's jurisdictional statute applicable to claims outside the tax refund arena, which must be brought within six years from the time those claims first accrue.

In 1960, the IRS ruled that the taxpayer upon whom the tax is imposed and the party that collects the tax and pays it over to the Government are both responsible for performing the acts required to insure the Government timely receives a return and payment. Rev. Rul. 60-58, 1960-1 C.B. 638. The return that is required is a return of the tax paid by the taxpayer and collected by another for payment over to the Government. "In other words, this *one return* is the only return necessary and is sufficient to satisfy the requirement that a return be filed." *Id.* (emphasis added). The IRS accordingly held that a claim for refund by the taxpayer (*i.e.*, that party upon whom the tax is imposed and who paid it to the collecting party) is subject to the three-year period of limitations provided by § 6511(a).[2] *Id*. The IRS's position, as reflected in its ruling, was cited with approval by the Court of Claims. *See Strick Corp. v. United States*, 625 F.2d 1001, 1008 n.11 (Ct. Cl. 1980).

Taxpayers have successfully argued in recent circuit court cases that the communications excise tax does not apply to certain long distance telephone services. *See Am. Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005); *OfficeMax Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005); *Fortis v. United States*, 2006 U.S. App. LEXIS 10749 (2d Cir. 2006); *Reese Bros. v. United States*, 2006 U.S. App. LEXIS 11468 (3d Cir. 2006). On May 25, 2006, the Treasury Department and the IRS issued Notice 2006-50 to announce their decision to follow the holdings of these courts and to allow taxpayers a refund. However, a taxpayer's ability to receive a refund is limited by § 6511(a), which provides that a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to

[2] The party providing the services and collecting the tax may also claim a refund, but it will be allowed only if the party has repaid the tax to the person from whom it was collected, or such person consents to the allowance of a refund. I.R.C. § 6415.

file a return shall be filed [with the IRS] within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ."

Plaintiff nevertheless claims that § 6511(a) of the Internal Revenue Code does not apply to its refund claims filed with the IRS. To reach this conclusion, plaintiff isolates the phrase in the first sentence of that section, "in respect of which tax the taxpayer is required to file a return," and argues that it is the collector of the tax and not the taxpayer (plaintiff) who is required to file the communications excise tax return. Therefore, according to plaintiff, the applicable limitations period is six years and is found in 28 U.S.C. § 2401 – a section outside the Internal Revenue Code that bars untimely suits against the United States. *See* Compl., Count II. Thus, according to plaintiff, and contrary to Revenue Ruling 60-58 (which has been followed for nearly fifty years and cited favorably by the Court of Claims), while a six-year limitations period applies to the paying party, a three-year period would apply to a claim by the collecting party. However, plaintiff's claim lacks merit and should be dismissed because (1) § 6511(a) limits the Court's jurisdiction over tax refund suits, and (2) § 6511(a) applies to all refund claims for federal taxes.

I. <u>I.R.C. § 6511(a) limits the Court's jurisdiction over tax refund suits.</u>

The jurisdiction of the Court of Federal Claims is strictly limited to "the extent to which the United States has waived its sovereign immunity." *Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002) (quoting *Myers v. United States*, 50 Fed. Cl. 674, 682 (2001)). With respect to tax refund suits, the United States has waived its immunity only as set forth in a carefully articulated statutory scheme. *See Flora v. United States*, 362 U.S. 145, 157, 176-77 (1960). Section 7422 of the Internal Revenue Code waives that immunity where a qualifying claim for refund has been filed with the IRS (emphasis added):

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Section 6511 of the Internal Revenue Code specifies the time within which to file an administrative claim for refund.[3] The Supreme Court cautioned that the jurisdictional grant over refund suits "must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). The Court held that § 7422(a) limits a taxpayer's right to bring a refund suit and should be read together with § 6511(a):

> the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected' (citations omitted) may not be maintained in any court.

*Id.* at 602; s*ee also Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994) (holding that Section 7422 waives the United States' sovereign immunity from refund suits,

---

[3] Section 6511 provides in pertinent part as follows:

> (a) Period of Limitation on Filing Claim. – Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.
>
> (b) Limitation on Allowance of Credits and Refunds. –
>
>> (1) Filing of Claim within Prescribed Period. – No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. . . .

"provided the taxpayer has previously filed a qualifying administrative refund claim" with the IRS) (emphasis added).

Thus, jurisdiction over refund suits only lies to the extent a taxpayer complies with § 6511 and its accompanying Treasury Regulations. *See Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1382 n.6 (Ct. Cl. 1972) (referring to the language of § 7422, the court held that "Section 6511 is the applicable 'provision of law in that regard.'"); *Chicago*, 40 F.3d at 374 (Fed. Cir. 1994) ("To qualify, the refund claim must accord with 'the provisions of law [regarding refund claims], and the [Treasury] regulations . . . established in pursuance thereof.'") (changes in original); *Purk v. United States*, 30 Fed. Cl. 565, 570 (1994) ("to be 'duly filed' a claim must comply with the prescribed statutory period of limitation relating to payment in § 6511"). The courts repeatedly have held that a taxpayer may not maintain a refund suit without first filing a timely claim for refund with the IRS. *E.g.*, *Hampton v. United States*, 513 F.2d 1234, 1243 (Ct. Cl. 1975); *J.O. Johnson, Inc. v. United States*, 476 F.2d 1337, 1339 (Ct. Cl. 1973); *Schiff v. United States*, 914 F.2d 271 (Fed. Cir. 1990); *Little People's Sch.*, 842 F.2d 570, 576 (1st Cir. 1988); *Arch Eng'g Co., Inc. v. United States*, 783 F.2d 190, 192 (Fed. Cir. 1986); *In re Ryan*, 64 F.3d 1516, 1520 (11th Cir. 1995); *Qureshi v. United States IRS*, 75 F.3d 494, 497 (9th Cir. 1996); *Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir. 1994); *Fairley v. United States*, 901 F.2d 691, 693 (8th Cir. 1990); *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43, 45 (2d Cir. 1984); *Bruno v. United States*, 547 F.2d 71, 73 (8th Cir. 1976); *Kreiger v. United States*, 539 F.2d 317, 320 (3d Cir. 1976); *United States v. Rochelle*, 363 F.2d 225, 231 (5th Cir. 1966); *Bryan v. United States*, 99 F.2d 549, 551 (10th Cir. 1938). Thus, failure to file a timely claim for refund within the prescribed periods of § 6511(a) constitutes a jurisdictional defect that precludes taxpayers from maintaining a suit to recover taxes.

Applying § 6511(a) here, the IRS disallowed plaintiff's claim for the quarter ended March 31, 2002, because it was received on August 2, 2005, *i.e.*, after the three-year limitations period expired on April 30, 2005. *See* Treas. Reg. § 40.6071(a)-1(a) (providing that the excise tax be filed by the last day of the first month following the quarter in which the tax liability arose). Because plaintiff's claim for refund for the quarter ended March 31, 2002 was filed too late, the Court lacks jurisdiction to entertain it.

II. I.R.C. § 6511(a) applies to all refund claims for federal taxes.

Section 6511(a) prescribes the general limitation periods for all claims for refund of federal taxes, including claims by taxpayers where a collecting agency, rather than the taxpayer, was required to file the return. Rev. Rul. 60-58, 1960-1 C.B. 638; *accord Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1382 n.7 (Ct. Cl. 1972) ("§ 6511(a) was obviously intended to cover all taxes, whether or not a return is required"); *Shelter Island and Greenport Ferry Co. v. United States*, 246 F. Supp. 488, 491 (E.D.N.Y. 1965) ("Section 6511(a) provides the time limit, and the only applicable time limit in the tax statutes").

Section 6511(a) reflects a division of the universe of administrative refund claims into two categories: (1) claims for taxes payable by a return, and (2) claims for taxes payable by stamp. *See Little People's Sch., Inc. v. United States*, 842 F.2d 570, 572, 574 (1st Cir. 1988). Treasury Regulation 301.6511(a)-1(a) confirms the distinction:

> (a) In the case of any tax (other than a tax payable by stamp):
>
> (1) If a return is filed, a claim for credit or refund of an overpayment must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever of such periods expires the later.
>
> (2) If no return is filed, the claim for credit or refund of an overpayment must be filed by the taxpayer within 2 years from the time the tax was paid.

> (b) In the case of any tax payable by means of a stamp, a claim for credit or refund of an overpayment of such tax must be filed by the taxpayer within 3 years from the time the tax was paid. . . .

Plaintiff's construction of § 6511(a) is contrary to that expressed in Treasury Regulation 301.6511(a)-1(a). The regulation is notably passive in voice – "if a return is filed" – and attributes no special rule to circumstances in which a collecting agent files the return to remit the taxes paid by the taxpayer. Under the regulation, the fact that a collecting agency rather than the taxpayer is required to file the return makes no difference whatsoever to the determination of the limitations period. The language of the statute, referring to circumstances in which a taxpayer is required to file a return, properly and reasonably read, thus includes circumstances in which the collecting agent actually submits the return to the Internal Revenue Service, remitting the taxpayer's tax payments.

Furthermore, plaintiff's narrow interpretation of § 6511(a) is inconsistent with § 7422(a)'s prohibition against all refund suits without a prior claim for refund. When construing a statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole. *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991); *accord Beecham v. United States*, 511 U.S. 368, 372 (1994) ("The plain meaning that we seek to discern is the plain meaning of the whole statute, not of isolated sentences"); *Smith v. United States*, 508 U.S. 223, 233 (1993) ("Statutory construction . . . is a holistic endeavor"). Plaintiff's restricted reading of § 6511(a) could create a huge class of refund suits to which it would have no application.[4] The First Circuit, rejecting this anomalous result, explained:

---

[4] For example, in addition to taxes collected by an agent and paid over to the Government with a return, if plaintiff were correct, taxpayers whose income is below the threshold to file a return would be able to claim refunds without regard to § 6511(a)'s limitation period. *See* I.R.C. § 6012.

> It is unlikely that Congress would have enacted a statute mandating the filing of an administrative claim as a prerequisite to a civil action while at the same time intending the only statute of limitations relating to administrative claims to exempt a certain class of these claims from its coverage.
>
> The most reasonable way to harmonize section 6511(a) with section 7422(a) is to interpret the disputed phrase in section 6511(a)'s first sentence as applying to *all* taxes payable by return.

*Little People's Sch. v. United States*, 842 F.2d 570, 574 (1st Cir. 1988) (emphasis in original). The timeliness of all administrative claims for refund is governed by one or the other of the two sentences of § 6511(a). No refund claims fall through the cracks to be governed by another statute – especially one outside the Internal Revenue Code.[5]

The legislative history of § 6511(a) supports this view of Congress's intent, as it distinguishes only between the type of tax sought to be recovered – those payable by return and those payable by stamp. Prior to the enactment of § 6511, several different statutes in the Internal Revenue Code of 1939 specified the time for filing a claim for refund. *See* I.R.C. §§ 322(b)(1) (income taxes), 910 (estate taxes), 1027(b)(1) (gift taxes), attached, App. A. Each of the provisions referred simply to "the tax," making clear their collective application to all taxes. Specifically, the limitations provision on communications excise taxes in the 1939 Code required that "[a]ll claims" for the refund of "any internal revenue tax" (other than income, estate, gift, and other specified taxes) be filed with the IRS within four years of "payment of such tax." I.R.C. § 3313 (1939), attached, App. A.

In 1954, Congress consolidated the several statutes into one – § 6511(a), captioned "Period of Limitation on Filing Claim." The first sentence extended the two-year/three-year rule of § 322(b)(1) – previously applicable only to income taxes – to "any tax . . . in respect of which

---

[5] Furthermore, it is fundamental that general statutes, such as 28 U.S.C. § 2401, must give way to specific ones, such as I.R.C. § 6511(a), which controls in tax refund suits in particular.

tax the taxpayer is required to file a return." The second sentence created a new, three-year rule for taxes paid by stamp. The House and Senate reports on the enactment of § 6511(a), which are identical, explain as follows:

> Subsection (a) of [Section 6511] extends to all taxes in respect of which a taxpayer is required to file a return the provisions of existing law with respect to the period of limitations for credit or refund of income taxes. This period is 3 years from the time the return is filed, or 2 years from the time the tax is paid, whichever of such periods expires the later, and in cases in which no return is filed the period is 2 years. In the case of stamp taxes, subsection (a) provides a period of 3 years from the time the tax was paid. Those provisions are consistent with the new uniform rule in section 6501 [of the 1954 Code], relating to the period of limitation on assessments.

H.R. Rep. No. 83-1337, at 415, *reprinted in* 1954 U.S.C.C.A.N. 4017, 4563; S. Rep. No. 83-1622, at 586, *reprinted in* 1954 U.S.C.C.A.N. 4621, 5325. Notably, no mention is made in the reports concerning an intent to carve out a large class of exceptions to the rule. As was manifestly true in preexisting law, no exception was created in the 1954 Code for taxpayers who paid a tax but the return was filed by a collecting agent. Congress's intent was to carry forward and extend to all types of tax, without substantial change, the two-year/three-year rule previously applicable to administrative refund claims for income tax. As expressed in the reports, Congress's intent was "consistent" with the "new uniform rule" of I.R.C. § 6501 (1954) (on IRS assessments), which provided that "the amount of <u>any tax</u> imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid . . . ." (emphasis added). That language is "consistent" with an intent to divide the universe of refund claims into two categories – those payable by return and those payable by stamp. Thus, based on its

Treasury Regulations and legislative history, "§ 6511(a) was obviously intended to cover all taxes." *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1382 n.7 (Ct. Cl. 1972).[6]

[6] Even if plaintiff were correct that § 6511(a) distinguishes between circumstances in which a taxpayer filed a return and those in which it did not, it still would not lead to plaintiff's conclusion that § 6511 does not apply at all and that the six-year statute of 28 U.S.C. § 2401 applies instead. Rather, it would mean only that plaintiff would be described in the subsequent language of § 6511(a) – specifying that "if no return was filed by the taxpayer," a claim for refund must be filed "within 2 years from the time the tax was paid." Thus, under plaintiff's view, a two-year, not a six-year, statute would apply, and its claim for refund for the quarter ending March 2002 would still be untimely. *See Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1382 n.7 (Ct. Cl. 1972) (the wording of § 6511(a) "can easily carry that understanding since it expressly provides for the case where 'no return was filed by the taxpayer'").

## CONCLUSION

Therefore, the Court should enter judgment in favor of the United States dismissing plaintiff's refund claim for the quarter ended March 31, 2002, because it was filed with the IRS after the three-year limitation period of § 6511(a) had expired.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

June 14, 2006

s/Steven Frahm
Of Counsel

# APPENDIX A

Internal Revenue Code of 1986, as amended and in effect during the periods at issue (26 U.S.C.):

§ 6511. Limitations on credit or refund

(a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

§ 7422(a). Civil actions for refund

(a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Internal Revenue Code of 1939 (26 U.S.C.):

§ 322. REFUNDS AND CREDITS.

(b) LIMITATION ON ALLOWANCE.--

(1) PERIOD OF LIMITATION.--Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after tow years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

§ 910. PERIOD OF LIMITATION FOR FILING CLAIMS.

All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing

of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund.

§ 1027. REFUNDS AND CREDITS.

(b) LIMITATION ON ALLOWANCE.--

(1) PERIOD OF LIMITATION.--No such credit or refund shall be allowed or made after three years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

§ 3313. PERIOD OF LIMITATION UPON REFUNDS AND CREDITS.

All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner within four years next after the payment of such tax, penalty, or sum. The amount of the refund (in the case of taxes other than income, war-profits, excess-profits, estate, and gift taxes) shall not exceed the portion of the tax, penalty, or sum paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund.