No. 06-138 T
Judge Emily C. Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

QUALXSERV, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

FIRST AMENDED ANSWER

The United States, having received written consent from plaintiff to file an amended answer to the complaint to reflect a change in its litigation position, files this First Amended Answer. The United States denies each allegation of the complaint that is not admitted or otherwise expressly addressed below. The United States further:

Admits that this is an action for the refund of excise taxes and that the excise tax under 26 U.S.C. § 4251 does not apply to plaintiff's long distance telephone service to the extent such services are nontaxable under Notice 2006-50, which was issued by the Department of Treasury and the Internal Revenue Service on May 25, 2006. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of any allegations of fact contained in the opening paragraph of the complaint.

1. Admits that this action is brought under Sections 6532 and 7422 of the Internal Revenue Code seeking to recover federal excise taxes and statutory interest, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the taxes were paid to the United States with respect to the quarters ended March 31, 2002 through June 30, 2005.

2. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Admits that the claims for refund attached to the complaint indicate that 13-4114547 is plaintiff's Employer Identification Number.

4. Admits the allegation contained in paragraph 4.

5. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

6. The United States restates and incorporates its responses to paragraphs 1 through 5 of the complaint.

7. Admits that plaintiff seeks to recover federal excise taxes, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to whether plaintiff overpaid its taxes.

8. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. As to the first sentence, admits that, on August 4, 2005, the Internal Revenue Service received a claim for refund filed by plaintiff for the quarters ended June 30, 2002 through June 30, 2005 for the amount of $30,009.46. As to the second sentence, states that its attorneys currently lack knowledge and information sufficient to form a belief regarding taxes paid during the quarters ended June 30, 2002 through June 30, 2005. Admits that the claim for refund satisfies the requirements for filing suit of Sections 6532(a) and 7422(a).

12. Admits that Form 8849, covering quarters ended June 30, 2002 through June 30, 2005, is attached as Exhibit A to the complaint.

13. Paragraph 13 expresses a legal conclusion to which no response is necessary.

14. Paragraph 14 expresses a legal conclusion to which no response is necessary.

15. Paragraph 15 expresses a legal conclusion to which no response is necessary.

16. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Paragraph 17 expresses legal conclusions to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations, but admits that the excise tax under 26 U.S.C. § 4251 does not apply to plaintiff's long distance telephone service to the extent such services are nontaxable under Notice 2006-

50, which was issued by the Department of Treasury and the Internal Revenue Service on May 25, 2006.

18. Paragraph 18 expresses a legal conclusion to which no response is necessary.

19. Paragraph 19 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

20. Admits the allegations contained in paragraph 20.

21. Admits that more than six months have passed since plaintiff filed its claims for refund, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. The United States restates and incorporates its responses to paragraphs 1 through 5 of the complaint.

25. Admits that plaintiff seeks to recover federal excise taxes, but states that its attorneys currently lack knowledge sufficient to form a belief regarding taxes paid during 2002.

26. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. As to the first sentence, admits that, on August 4, 2005, the Internal Revenue Service received a claim for refund filed by plaintiff for the quarter ended March 31, 2002 for the amount of $2,447.11, but denies that the claim was timely filed. As to the second sentence, see defendant's responses to paragraphs 25 and 26. As to the third sentence, denies that the claim satisfies the requirements of Sections 6532 and 7422 of the Code.

30. Admits that Form 8849, covering the quarter ended March 31, 2002, is attached as Exhibit A to the complaint.

31. Paragraph 31 expresses a legal conclusion to which no response is necessary.

32. Paragraph 32 expresses a legal conclusion to which no response is necessary.

33. Paragraph 33 expresses a legal conclusion to which no response is necessary.

34. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Paragraph 35 expresses legal conclusions to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations, but denies that plaintiff is entitled to a refund.

36. Paragraph 36 expresses a legal conclusion to which no response is necessary.

37. Paragraph 37 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

38. Paragraph 35 expresses legal conclusions to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations. Avers that 26 U.S.C. § 6511 applies to plaintiff's claim for refund.

39. Admits the allegations contained in paragraph 39.

40. Denies the allegation of paragraph 40.

41. Denies the allegation of paragraph 41.

42. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, but avers that plaintiff's claim for refund is barred under 26 U.S.C. § 6511.

43. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

WHEREFORE, the United States prays that the Court dismiss plaintiff's claim for a refund of telephone excise taxes for the quarter ended March 31, 2002 and allow the parties sufficient time to determine the amount, if any, of overpayment of taxes due to plaintiff for the remaining quarters.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

June 15, 2006

s/Steven Frahm
Of Counsel

Attorneys for Defendant