No. 06-138 T
Judge Emily C. Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

QUALXSERV, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of RCFC Appendix A, the parties submit the following information:

a. JURISDICTION

Plaintiff's Statement

The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1491.

Defendant's Statement

Jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491. On June 14, 2006, defendant filed a motion to dismiss plaintiff's refund claim for the quarter ended March 31, 2002, as it is time-barred under 26 U.S.C. § 6511(a). As to plaintiff's remaining claims (quarters ended June 30, 2002 through June 30, 2005), defendant cannot determine at this

point whether plaintiff has satisfied all jurisdictional prerequisites. The specific jurisdictional questions are whether the excise tax amounts claimed by plaintiff were actually paid and, if so, whether any other party has obtained a refund of any of the taxes paid.

b. CONSOLIDATION

The parties do not believe that this case should be consolidated with any other case before the Court of Federal Claims at this time.

c. BIFURCATION OF TRIAL

The parties do not believe that trial will be necessary in this case. In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only, and afterwards, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary computation of the tax and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

The parties do not believe that the proceedings should be deferred pending consideration of any other case. The two cases previously pending before the Court of Appeals for the Federal Circuit (*America Online, Inc. v. United States*, Fed. Cir. No. 05-5138, and *Honeywell, Int'l. v. United States*, Fed. Cir. No. 05-5145) which appeared to concern the same substantive issues involved here, have been voluntarily dismissed under Rule 42(b) of the Federal Rules of Appellate Procedure. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

The parties do not know of any other additional parties to be joined.

g. DISPOSITIVE MOTIONS

Plaintiff's Statement

In the event that there are no jurisdictional issues, it appears that this case may be susceptible to resolution by summary judgment.

Defendant's Statement

On June 14, 2006, defendant filed a motion to dismiss plaintiff's claim for a refund of telephone excise taxes for the quarter ended March 31, 2002 for lack of jurisdiction. Defendant is hopeful that the other quarters can be resolved by the parties on the basis of document plaintiff will be providing to defendant in the near future. Defendant is unaware of any legal issues now separating the parties (other than the statute of limitations applicable to the quarter ended March 31, 2002). Then, if the parties are unable to resolve the other quarters, their differences are likely to be factual and would preclude summary judgment.

h. ISSUES

Plaintiff's Statement

Plaintiff brings this action against the United States for a refund of federal excise taxes in the amount of $30,009.46, which plaintiff asserts to have been paid to the Government with respect to the taxable quarters starting April 1, 2002 and ending June 30, 2005, plus statutory interest thereon.

During the periods at issue, plaintiff purchased from Sprint & MCI long distance telephone service. Plaintiff alleges that it paid the tax to Sprint & MCI, who, in turn, paid the tax to the Internal Revenue Service. The federal excise tax at issue is set forth at Section 4251 of the Internal Revenue Code (26 U.S.C.). Plaintiff asserts that the toll charge for its long distance service was measured by elapsed time only, and, therefore not subject to the tax. During the periods at issue, the Government contended that long distance service is subject to the excise tax if the toll charge for the service is measured by either distance or elapsed time. As defendant pointed out in its Status Report and Notice of Change of Position, the Government has now abandoned that argument and concedes that the tax is not imposed on long distance service that is subject to a toll charge measured solely by elapsed time. *See* Notice 2006-50. Provided that the Court has subject matter jurisdiction, the United States will consent to judgment to the extent that plaintiff substantiates the amount of tax paid and that the long distance services purchased from Sprint & MCI fall within the scope of Notice 2006-50.

Defendant's Statement

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the periods in suit. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issues are (1) whether plaintiff's claim for a refund of taxes for the quarter ended March 31, 2002 is jurisdictionally barred by 26 U.S.C. 6511(a), and (2) whether plaintiff paid telephone excise taxes for the quarters ended June 30, 2002 through June 30, 2005 that are described as nontaxable under Notice 2006-50, and, if so, the amount of the overpayment.

i. SETTLEMENT

At this juncture, parties believe that this case is susceptible to settlement.

j. TRIAL

At this juncture, the parties believe that any substantive issues that may arise in this case may be susceptible to resolution by summary judgment so that a trial will not be necessary.

k. ELECTRONIC CASE MANAGEMENT

At this juncture, the parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

Plaintiff's Statement

Plaintiff will amend pleadings to reflect additional claims filed for taxable quarters starting July 1, 2005 and ending March 31, 2006, in addition to any other more recent time periods in which the plaintiff was subject to and paid the federal excise taxes.

PROPOSED DISCOVERY PLAN

Plaintiff will informally provide what it intends as substantiating evidence regarding the payment of the excise taxes in dispute. Defendant will review such evidence with the hope that it will enable the parties to resolve the case without further judicial intervention. If the parties are unable to do so, they will propose a course of further proceedings to resolve the case, including any necessary discovery. The parties do not believe it is necessary to file initial disclosures and propose that they be relieved of that obligation.

Respectfully submitted this 15th day of June, 2006.

s/Thomas Borton
THOMAS E. BORTON, IV

s/Jacob Christensen
JACOB E. CHRISTENSEN

Troutman Sanders LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, Georgia 30308
Voice: (404) 885-3000
Fax: (404) 885-3900
Email: thomas.borton@troutmansanders.com
Dated: June 15, 2006

Attorney for Plaintiff

Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claim Section
STEVEN I. FRAHM
Assistant Chief

s/Steven Frahm
Of Counsel

Dated: June 15, 2006

Attorneys for Defendants